UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARTAOUSE C. HOLLOWAY,

        Plaintiff,

    v.                                      Case No. 22-C-741

JOHN DOE,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Martaouse Holloway, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On August 24, 2022, the Court screened the complaint and allowed Holloway to file an amended complaint, which he did less than a week later. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As the Court already explained, in screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Holloway, on December 11, 2020, his cellmate was escorted from their cell to go take his medication. Holloway asserts that he rolled over to go back to sleep when he "felt a strike on [his] behind." Holloway states that he quickly looked to see what was going on and saw a corrections officer leaving his cell. Holloway asserts that he has post-traumatic stress disorder from this incident.

## THE COURT'S ANALYSIS

Holloway's amended complaint fails to state a claim, so this action will be dismissed. The Supreme Court has explained that "not every malevolent touch by a prison guard gives rise to a federal cause of action" because "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citations and internal punctuation omitted).

Holloway asserts that he was "sexually assaulted," but this legal conclusion is not supported by the factual content in his amended complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (in stating a claim, mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do"). According to Holloway, contact was made with his backside as he laid in bed and his cellmate was escorted from their cell in the middle of the night. No comments were made to Holloway before or after the contact, the contact was limited to a single "strike," and the corrections officer did not even look at Holloway after the contact—he simply left the cell with Holloway's cellmate. Nothing suggests that the corrections officer intentionally made contact with Holloway, let alone that he did so maliciously or sadistically or for sexual gratification. As such, because the Court cannot reasonably infer that the *de minimis*

2

use of force was of the "sort repugnant to the conscience of mankind," Holloway fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this  30th   day of August, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.